UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS GREEN, ) | C/A No. 4:09-00420-JFA-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| WARDEN, PERRY CORRECTIONAL INSTITUTION, ) | |
| ) | |
| ) | |
| Respondent. ) | |

Petitioner, Thomas Green ("petitioner/Green"), is currently incarcerated at Perry Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 23, 2009. Respondent filed a motion for summary judgment on May 15, 2009, along with supporting memorandum and exhibits. The undersigned issued an order filed May 18, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner's response was due on or before June 22, 2009. (See doc. #13). Petitioner filed a motion on June 25, 2009, requesting an extension to respond to the motion for summary judgment. An Order was entered on June 25, 2009, granting this motion and giving petitioner until July 27, 2009, to file his response or his case may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, i.e. with prejudice. (Doc. #16). On July 30, 2009, petitioner filed another motion for extension of time to file a response to the motion for summary judgment asserting that he had

---

[2] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

not been able to get his affidavits notarized.[2] (Doc.#20). This motion was granted in part and denied in part on August 24, 2009. It was granted to the extent that he was given an additional ten (10) days to file a response or his case may be dismissed for failure to prosecute under Rule 41b of the FRCP. No response has been filed by petitioner to respondent's motion for summary judgment.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

---

[2] Respondent filed a response in opposition to petitioner's motion and attached the affidavit of Dwayne Monroe, Lieutenant at the Perry Correctional Institution ("Monroe"). Monroe attests that he is a South Carolina Notary Public and as part of his duties at Perry Correctional Institution, he notarizes documents for the inmates housed within the institution, primarily those inmates housed within the Institution's Maximum Security Unit. Monroe asserts that he goes to the Maximum Security Unit at Perry Correctional Institution several times a week to notarize documents for those inmates housed within the unit who need documents notarized. Monroe attests that he has notarized several documents for petitioner who is housed within the Maximum Security Unit for Perry Correctional Institution and states "[i]n fact, I notarized several documents for inmate Thomas Green, #312087 last week." (See Doc. 23-1). Respondent further asserts that petitioner has not provided any documentation or evidence, such as copies of Requests to Staff or any other form of documentation, to support his claim that he has attempted many times to have documents notarized, but has been unsuccessful. Respondent states that it is clear that petitioner has had ample access to a notary to have any affidavits he wishes submitted to this court notarized. Therefore, respondents objected to any further extensions. However, the court gave petitioner an additional ten day extension.

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court's orders requiring him to respond. Petitioner's response was originally due by June 22, 2009. Petitioner was given two extensions to file a response but no response has been filed. Therefore, no other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed with prejudice for failure to prosecute.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**